# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| REPUBLIC TOBACCO, L.P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06 C 2738 |
| | ) |
| NORTH ATLANTIC TRADING | ) |
| COMPANY, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants North Atlantic Trading Company, Inc.'s, North Atlantic Operating Company, Inc.'s, and National Tobacco Company, L.P.'s (collectively referred to as "North Atlantic") motion to join Top Tobacco, L.P., Adam's Apple Distributing, L.P., and DRL Enterprises, Inc. (collectively referred to as "Additional Parties") as plaintiffs pursuant to Federal Rule of Civil Procedure 19. For the reasons stated below, we deny North Atlantic's motion to join the Additional Parties as plaintiffs.

1

## BACKGROUND

Plaintiff Republic Tobacco, L.P. ("Republic") alleges that North Atlantic and Republic both import and sell roll-your-own tobacco papers and products. Both North Atlantic and Republic allegedly market their products through distributors and wholesalers that sell the products to retail stores. North Atlantic allegedly imports and distributes its papers under the ZIG-ZAG brand name and Republic allegedly imports and distributes its products under brand names such as the TOP and JOB brand names.

Republic further alleges that North Atlantic prepared and circulated to its buyers a "false and misleading presentation deck titled 'Cigarette Paper Review.'" (Compl. Par. 9). In the "Cigarette Paper Review" ("Review"), North Atlantic allegedly criticized Republic for marketing "Look Alike Products" that Republic asserts are similar to the ZIG-ZAG brand. (Compl. Par. 9). North Atlantic also allegedly criticized Republic in the Review for falsely saying "[Republic's product] is the same paper" as the ZIG-ZAG brand paper. (Compl. Par. 9). In the Review, North Atlantic also allegedly portrayed Republic's Chairman, Donald R. Levin ("Levin"), as a liar. According to Republic, North Atlantic contacted Republic's customers and informed the customers that Levin lied to the customers and that Levin lied under oath about the composition of Republic's cigarette papers. (Compl. Par. 8). Specifically, Republic alleges that North Atlantic's promotional materials falsely accuse Republic of making statements that directly contradict Levin's sworn testimony in a previous law suit between North Atlantic and Republic. (Compl. Par.

12). Republic alleges that North Atlantic is making such allegations in order to "interfere with Republic's customer relationships by causing customers to be concerned about the nature and quality of Republic's products and the integrity and veracity of Republic's top executive." (Compl. Par. 13). Republic contends that the Review constitutes false advertising that was used by North Atlantic to undermine Republic's relationships with its customers and the perceived integrity of Republic's products. Republic alleges that North Atlantic's alleged misconduct has adversely impacted Republic's sales and damaged its business relationships and reputation in the cigarette paper industry.

Republic brought the instant action and included in the complaint a false advertising claim alleging a violation of 15 U.S.C. § 1125(a) of the Lanham Act, 15 U.S.C. § 1051 *et seq.* (Count I), a claim alleging a violation of 815 ILCS 510/2 of the Illinois Uniform Deceptive Trade Practices Act ("UDTPA"), 815 ILCS 510/1 *et seq.* (Count II), a claim alleging a violation of 815 ILCS 505/2 of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Fraud Act"), 815 ILCS 505/1 *et seq.* (Count III), a defamation claim (Count IV), and an unfair competition claim (Count V). On June 30, 2006, North Atlantic moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Fraud Act claim (Count III) and the unfair competition claim (Count V). On October 18, 2006, we denied the partial motion to dismiss in its entirety. North Atlantic now moves to join the Additional Parties pursuant to Federal Rule of Civil Procedure 19(a).

## LEGAL STANDARD

Federal Rule of Civil Procedure 19 ("Rule 19(a)") provides, in relevant part that:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. . . .

Fed. R. Civ. P. 19(a).

## DISCUSSION

North Atlantic argues that because the Additional Parties are part of Levin's "cloud of affiliates" that the court must join them as plaintiffs in order to allow North Atlantic to adequately represent Levin's reputation to the fact finder and to prevent North Atlantic's vulnerability to double, multiple or inconsistent obligations to the Additional Parties pending the outcome of this lawsuit. (Mot. at 2). Rule 19(a) was promulgated "'to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources.'" *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001)(quoting *Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir. 1990)). In order to determine

4

whether an absent party should be joined under Rule 19(a), the court must consider: "(1) whether complete relief can be accorded without joinder, (2) whether [the absent party's] ability to protect [its] interest will be impaired, and (3) whether the existing parties will be subjected to a substantial risk of multiple or inconsistent obligations unless [the absent party] is joined." *Id*. at 481.

I.  Complete Relief

North Atlantic contends that the Additional Parties are an informal branch of Republic due to a "complex and formalistic corporate structure." (Mot. 3).  In support of this proposition, North Atlantic points to the fact that Republic and the Additional Parties "share management, sell tobacco or tobacco related products, . . . reside at a single corporate address" and that "Levin . . . holds an ownership or management interest in each of the [Additional Parties] or a closely-related affiliate." (Mot. 3).  However, such an attenuated relationship does not support joinder of the Additional Parties.  Levin's statements, which are part of the basis for North Atlantic's alleged defamatory statements, were made by Levin in his capacity as Chairman of Republic, not in his capacity with the Additional Parties.  Further, simply serving with others as a member on multiple boards, selling similar products, or even having a "cozy corporate relationship[]," (Mot. 3), is neither uncommon in today's economy, nor evidence that "allegations regarding an injury to the reputation of Republic . . . implicate the reputation[s] and stature of the" Additional Parties. (Mot. 3-4).  *See North Shore Gas Co. v. Salomon, Inc.*, 152 F.3d 642, 647-68 (7th

5

Cir. 1998)(finding that joinder was inappropriate solely based on the subsidiary's connection to the parent company). Finally, North Atlantic's attack on the character of Levin in its motion and attempting to tie such allegations as justification to join the Additional Parties is both irrelevant and immaterial in the instant action and does not support North Atlantic's contention that joinder of the Additional Parties is necessary to provide complete relief.

North Atlantic also argues that joinder of the Additional Parties would "ensure[] that all relevant information regarding . . . Levin, Republic, and the [Additional Parties] properly informs the fact-finder who may consider the merits of" the instant action. (Mot. 3) However, the purpose of Rule 19(a) is not to make litigation more convenient for the existing parties by providing complete party discovery privileges regarding every potentially interested party. *See Promatek Indus., Ltd. v. Equitrac Corp.*, 185 F.R.D. 520, 523 (N.D. Ill. 1999). If North Atlantic requires any relevant factual information regarding Levin, it may try to get such information through proper discovery from Republic itself or through non-party subpoenas. *See Perrian v. O'Grady*, 958 F.2d 192, 196 (7th Cir. 1992)(denying the plaintiff's motion to join medical personnel who "had knowledge of and participated in the neglect of his medical needs," because joinder was unnecessary for plaintiff to bring evidence to jury). Additionally, facilitating discovery is not a valid basis for this court to join the Additional Parties. *See, e.g., Johnson v. The Smithsonian Institution*, 189 F.3d 180, 188 (2d Cir. 1999)(stating that Rule 19(a) "does not list the need to obtain evidence from an entity or individual as a factor bearing upon whether

or not a party is necessary or indispensable to a just adjudication")(quoting *Costello Publ'g Co. v. Rotelle*, 670 F.2d 1035, 1044 (D.C. Cir. 1981)).

Finally, North Atlantic further admits that "as the entirety of . . . Levin's and Republic's reputation *might not* be available to the fact-finder," the Additional Parties should be joined for a more complete picture of the current factual situation surrounding the instant matter. (Mot. 4)(emphasis added). Such speculation and generalized statements are not appropriate reasons for this court to join the Additional Parties. In addition, complete relief between Republic and North Atlantic is available without joinder of the Additional Parties since the Additional Parties do not have an interest in the instant action. *See Perrian*, 958 F.2d at 196 (noting that "the term 'complete relief' refers only to 'relief between the persons already parties, and not as between a party and the absent person whose joinder is sought'"). Thus, complete relief may be accorded to the parties without joinder of the Additional Parties.

II. Impairment of Ability to Protect Interest

Joinder of an absent party is appropriate pursuant to Rule 19(a) where the absent party's absence would "impair or impede" the absent party's ability to protect its own interest. Fed. R. Civ. P. 19(a)(2)(i). Where an existing party's interest is identical to the absent party's interest, joinder of the absent party is unnecessary since the existing party it aligns with "will have the incentive and ability to litigate

7

for the [absent] party." *Promatek Indus., Ltd.*, 185 F.R.D. at 523.

The Additional Parties do not have interests identical to that of any of the existing parties. North Atlantic contends that the reputations of Republic, Levin, and the Additional Parties are "inextricably intertwined" and that the reputations of each are "impossible to segregate" since the Additional Parties are "part of . . . Levin's cloud of affiliates." (Mot. 1-2). Although North Atlantic tries to associate Levin with the Additional Parties, we noted earlier that the issues in the instant action concern the interests of the existing parties, and not the interests of any party outside the instant action, including the Additional Parties. North Atlantic's concern with regard to the Additional Parties is not to protect the interests of the Additional Parties, but rather to advance North Atlantic's own interests. Rule 19(a) contemplates protection only of the absent party's interest and, as such, North Atlantic cannot assert advancement of its own interest as support for joinder of the Additional Parties under Rule 19(a). Therefore, the absence of the Additional Parties does not "impair or impede" the interests of the Additional Parties. Fed. R. Civ. P. 19(a)(2)(ii).

III. Substantial Risk of Multiple or Inconsistent Obligations

    A. Risk of Multiple Litigation

North Atlantic contends that it may be subjected to a substantial risk of multiple liability or inconsistent obligations because it may be subject to further litigation brought by the Additional Parties and that such litigation would be

determined based on the outcome of the instant action. A party's mere conceivable interest in a lawsuit's outcome is insufficient to necessitate joinder under Rule 19(a). *See Hammond v. Clayton*, 83 F.3d 191, 195 (7th Cir. 1996)(denying a motion to join farm owners where the plaintiff had failed to make contractual payments on the farm after the defendant officers allegedly maliciously prosecuted him for narcotics distribution, even though the lawsuit's outcome might have dictated the plaintiff's liability to the farm owners). Rather, "Rule 19 is designed to protect the interests of absent persons, as well as those already before the court, from duplicative litigation, inconsistent judicial determinations, or other practical impairment of their legal interests." *Id.* Republic argues that no such substantial risk of multiple or inconsistent obligations exist.

North Atlantic alleges that the Additional Parties are "part of Mr. Levin's cloud of affiliates," and that the reputations of each are thus inseparable, which could lead to further litigation based upon the outcome of the instant action . (Mot. at 1, 2). North Atlantic further alleges that if the Additional Parties are not joined as plaintiffs with Republic, it will prejudice North Atlantic from adequately defending itself, and that it will leave North Atlantic vulnerable to future lawsuits that the Additional Parties may bring based on identical factual allegations. However, North Atlantic has presented no evidence to suggest a substantial likelihood of such future suits relating to the facts in the instant action. Rather, North Atlantic only posits that the Additional Parties "*might* also bring causes of action against North Atlantic for defamation or other harms enumerated in Republic's complaint." (Mot. 4)(emphasis

9

added). North Atlantic further states that joinder of the Additional Parties as plaintiffs in the instant action "protects North Atlantic from the *potential* that it *may* be forced to defend multiple times against the same allegations." (Mot. 4)(emphasis added). In addition, North Atlantic argues that it "faces a risk that its obligations in this case *may* conflict with any obligations it *may* face in a subsequent suit." (Mot. 5)(emphasis added). Such statements by North Atlantic contradict its argument that there is a "substantial risk" of future litigation, and, in fact, more fully shows the mere speculation of possible lawsuits by some unknown parties in the future against North Atlantic. This court cannot assume, based on such unsupported speculation, that future actions will be brought on the same facts involving North Atlantic and the Additional Parties.

Additionally, the record does not support a risk of multiple or inconsistent liability on the part of North Atlantic substantial enough to require joinder of Additional Parties. *See Davis Cos.*, 268 F.3d at 483 (finding that joinder was unnecessary when the action did not involve parties outside the pleadings). Republic alleges that North Atlantic's statements falsely accuse Levin of lying about a Republic product, thereby defaming Republic and Levin in his capacity as Chairman of Republic. Even if an attenuated relationship exists between Levin and the Additional Parties, such an alleged relationship alone is insufficient to establish that North Atlantic will be vulnerable to multiple or inconsistent liability based on the outcome of this action. *See id*.

In addition, although the instant action includes a claim by Republic alleging

violation of the Lanham Act by North Atlantic, a claim by Republic alleging defamation by North Atlantic, and a claim by Republic alleging unfair competition by North Atlantic, this is not the first action between the parties. In fact, previous litigation between the parties included claims involving the issues of defamation, a Lanham Act violation, and unfair competition. *See, e.g., Republic Tobacco v. North Atlantic Trading Co.*, 381 F.3d 717 (7th Cir. 2004); *Republic Tobacco v. North Atlantic Trading Co.*, 1999 WL 261712 (N.D. Ill. 1999). However, in none of those instances did either Republic or North Atlantic join, or request the joinder of, the Additional Parties. Yet, in each of the above-mentioned instances the disputes were able to be fully litigated. Just as in the above-mentioned cases, the instant action concerns only allegations relating to the current parties based on specific facts, with remedies available that may only be redressed by the current parties. Thus, even though there may be an attenuated relationship between Republic and the Additional Parties, such a relationship does not support North Atlantic's contention that joinder of the Additional Parties would be the only way to provide complete relief to the parties. *See Hammond*, 83 F.3d at 195-96 (finding that a plaintiff could not join an additional defendant pursuant to Rule 19(a) where the plaintiff could obtain complete relief for the claims from the defendants that were involved in the suit at the time). Thus, based on the facts before us, North Atlantic will not be faced with "substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest" if the Additional Parties are not joined. Fed. R. Civ. P. 19(a)(2)(ii).

B. Absent Party Not Claiming Interest

Rule 19(a) is also applicable only when an absent party "claims an interest relating to the subject of the action." Fed. R. Civ. P. 19(a)(2)(ii). Even if a party does not claim an interest in the instant action, an absent party should be joined involuntarily where it is necessary to prevent an existing party from the "substantial risk of double, multiple or . . . inconsistent" future obligations by reason of the absent party's claimed interest. Fed. R. Civ. P. 19(a)(2)(i)(ii). North Atlantic argues that if the court does not join the Additional Parties, North Atlantic will suffer such a substantial risk since the Additional Parties may later bring identical defamation claims. However, North Atlantic's contention is purely mere speculation and is not supported by the facts in this case. Neither party has suggested that the Additional Parties have claimed an interest in the instant action before the court. There is no suggestion in the pleadings that the Additional Parties have been subjected based on the facts present. It is premature to speculate any future unrelated claims, including any defamation claims, by the Additional Parties or any other party against North Atlantic. Future claims against North Atlantic, if any, must stand or fail on the specific facts.

Finally, one purpose of Rule 19(a) "is to avoid the waste of judicial resources," *Davis Cos.*, 268 F.3d at 481, and North Atlantic has failed to present the necessary justification for joinder in this case. Rule 19(a) joinder is inapplicable in the instant action since the Additional Parties have not claimed or expressed an

interest in the instant action, and no other proper justification has been presented by North Atlantic for such joinder.

## CONCLUSION

Based on the foregoing analysis, we deny North Atlantic's motion to join the Additional Parties as plaintiffs.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 22, 2007